WILLIAMS, Circuit Judge,
concurring:
I agree with the Majority’s conclusion that the Amish flier did not constitute an inflammatory appeal to race or ethnicity. See Majority Op. at 845-46. Because the Amish flier passes muster under the permissive standard that this Court has adopted for *850 misrepresentations, I also agree that the Board’s order must be enforced. See Majority Op. at 849. I write separately, however, to express my concern with the Board’s apparent disregard for the decisions of the Circuit Courts.
In its order, the Board specifically adopted the findings made by the hearing officer (J.A. at 346-47), which included a finding that “[t]he current case is ... on point with KI (USA) Corp., 309 N.L.R.B. 1063 [1992 WL 390113] (1992)” (J.A. at 339). Interestingly, the Sixth Circuit, using the identical analysis employed by the Majority, denied enforcement of the Board’s order in KI (USA) Corp., 309 N.L.R.B. 1063, 1992 WL 390113 (1992), because it found that the Union improperly appealed to racial prejudice during its election campaign. See KI (USA) Corp. v. NLRB, 35 F.3d 256, 259-60 (6th Cir.1994). Presumably, the Board continues to believe that its order in KI (USA) Corp., and not the subsequent decision of the Sixth Circuit, is correct because it nevertheless concluded that the Amish flier “did not constitute an inflammatory appeal to race or ethnicity” (J.A. at 347 n. 1).
I realize, of course, that outside the Sixth Circuit the Board is free to argue that its decision in KI (USA) Corp., 309 N.L.R.B. 1063, 1992 WL 390113 (1992), was correctly decided. The Board is not free, however, to automatically assume that its decisions, whether enforced or not, are the law in this Circuit. See, e.g., Industrial Turnaround Corp. v. NLRB, 115 F.3d 248, 254 (4th Cir. 1997) (noting that NLRB erred in assuming that its decision in Deklewa was the law in our Circuit); United States Dep’t of Energy v. FLRA, 106 F.3d 1158, 1165 (4th Cir.1997) (Luttig, J., concurring) (reproving the FLRA for refusing to follow our Circuit’s precedent). Because the hearing officer relied almost exclusively upon an unenforced order, and because neither the hearing officer nor the Board cited one decision by this Court, I cannot help but question what the Board considers binding in this- Circuit. In any event, I believe that the'facts in the current case are distinguishable from the facts in KI (USA) Corp., 309 N.L.R.B. 1063, 1992 WL 390113 (1992). If the facts were “on point,” as found by the hearing officer and adopted by the Board, I would deny enforcement, of the Board’s order for the same reason the Sixth Circuit declined to enforce the Board’s order in KI (USA) Corp. v. NLRB, 35 F.3d 256, 259-60 (6th Cir.1994).